## Richmond.

## W. O. & W. R. R. Co. v. LEWIS AND ALS.

### APRIL 23th, 1887.

RAILROADS—*County bonds—Mortgages—Sale—Purchasers —Case at bar.—*
County bonds issued to aid a railroad company were payable upon
construction of the railroad through the county by 1892. Before that
the company received the bonds and executed a first mortgage to secure
the county against the interest and the bonds in case the road was not
constructed by 1892. The company hypothecated part of the bonds.
Under second and third mortgages afterwards executed in a general
creditor's suit, the railroad was sold subject to the first mortgage.
The proceeds were partly applied to redeem the hypothecated county
bonds—

HELD :

> The purchasers are not entitled to the redeemed bonds unless they
> first refund to the general creditors as much of the proceeds of the
> sale as went to redeem them.

Appeal from decree of circuit court of city of Richmond,
rendered February 16, 1885, in the chancery cause of Henry
Lewis and others, plaintiffs, against The Washington, Ohio
and Western Railroad company and others, defendants.
The decree being adverse to the said company, it obtained
an appeal. Opinion states the case.

*Barton & Boyd,* for the appellant.

*J. M. Johnson, F. L. Smith, R. H. Lee, Henry Heaton,
H. O. Claughton* and *C. E. Stuart,* for the appellees.

Lacy, J., delivered the opinion of the court.

The suit was a creditors' bill to sell the property of an insolvent corporation known as the "Washington & Ohio Railroad Company," and subject the same to the claims of its creditors. In the sale to enforce the liens upon the property of this company, one only was not enforced. This was the first lien upon the property of the company, created by the original corporation to which the Washington, Ohio & Western Railroad Company has succeeded, and was created by the said original corporation, known by the name of the "Alexandria, Loudoun & Hampshire Railroad Company," August 6, 1858, to secure to the county of Clarke the obligations of a bond executed to that county by the said "The Alexandria, Loudoun & Hampshire Railroad Company." The nature of this obligation was as follows: The county of Clarke had subscribed to the capital stock of this company $100,000, conditioned to be expended in the construction of the road in that county. The railroad company, not having reached the county of Clarke in the construction of its road, arranged with the county to receive the subscription in $100,000 of the bonds of the county, and the company executed a trust deed to secure its bond for that amount, conditioned that the company should pay the interest on these bonds until the road should be constructed into that county, and to indemnify the county against the principal of the bonds unless the road should be so constructed in the county before 1892, the period of their maturity. The property was sold subject to this lien, as it was a contingent liability only. These bonds were duly delivered to the company.

As has been said, these bonds amount to $100,000. At the date of the mortgage under which the sale was made in this case, the company had sold some of these bonds, had hypothecated others, and still held undisposed

of some others. As to those sold, the purchasers of the road, the appellants here, make no contention; that is, assert no claim; as to those held by the insolvent corporation, there is no claim made by the creditors of the insolvent corporation; but as to the bonds hypothecated this dispute is made.

The said hypothecated Clarke county bonds were so hypothecated, along with the bonds of the Washington & Ohio Railroad Company protected by the mortgage under which the sale was made; and, when the purchase money was applied by the court to the extinguishment of the debts secured, the hypothecated Clarke county bonds were thus redeemed, and came into the hands of the court, whereupon the question arose as to whom do they belong,— the purchasers at the sale, or to the creditors of the Washington & Ohio Railroad Company? The purchasers claim that, as their money (so their claim is stated) was used to redeem them, they belong to them, the said purchasers. On the other hand, it is claimed that the purchasers, under the provisions of section 45, ch. 61, Code 1873, succeeded to the rights, etc., of the first company, but became liable only for the debts of the first company, which were assumed by them only; that, under the sale in this case, the sale was expressly subject to this lien for the $100,000 Clarke county bonds; that the purchasers assumed this obligation of the company, whatever it should be; that the rights of the purchasers were, as to these bonds, exactly such as the rights of the first company were,—that is, those the first company held at the date of the sale they were entitled to hold, and did so hold without question; that as to those sold they could do what the first company could do, and no more,—that is, meet whatever liability should eventually accrue upon them at maturity in 1892, or sooner, if the county of Clarke should pay them, be relieved of all liability as to them; that, as to those

hypothecated, they had the same rights, obligations, and powers which the first company possessed, and none others, the sale having been made without affecting them, the new company stepping into and filling the place of the first company as to these, exactly as it did step into and fill the place of the first company as to those unsold, and not hypothecated.

The first company had the right to pay off the debts secured by these, then redeem and receive them again into its possession. The circuit court in order to protect the purchasers against the debts in question, having paid them off with the purchase money which belonged to the creditors of the company, and having thus redeemed bonds (Clarke county bonds) for which the purchasers were liable under their contract of purchase, the said court held that the said new company could only become entitled to the said county of Clarke bonds by the performance of the conditions which bound the first company, to-wit: by paying off the debts for which they were hypothecated; the first corporation had a right to whatever was left after satisfying these bonds; and that, the bonds having been redeemed by the money held in trust by the court for the benefit of the creditors of the first corporation, the new corporation could only receive these bonds by paying back into the trust fund the amount by which it had been depleted for their benefit and profit. This decree of the circuit court of Richmond is plainly right, for the foregoing reasons, and the same will be affirmed here. The several amounts of the Clarke county bonds, held, respectively, by complete purchasers, by others as collateral security, and retained unsold by the first company, have not been set forth herein, that being wholly immaterial. The lien to secure the obligation to protect the Clarke county bonds having been expressly reserved at the sale, and assumed by the purchasers, the appellant company, their obligation as to all is

the same, that is, to step into the place of the old company as to them.

In doing this they are not required to pay more than by their purchase they agreed to pay. They agreed to pay the purchase price, and assume the liabilities, whatever they were, as to the preferred lien, and this is all they have been required to do. Their money was used to redeem these bonds when they acquired the purchased property. The purchase money did not belong to them. It stood in the place of the property they had purchased. Their agreement was to buy the property of the first company, subject to the obligations of the first lien; and to this alone they have been held, which, as we have said, is plainly right.

The decree of the circuit court is affirmed.

DECREE AFFIRMED.